NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4359
_____

VERNE A. HODGE,
                              Appellant
                    v.

SUPERIOR COURT OF THE VIRGIN ISLANDS
_____

On Appeal from the District Court
of the United States Virgin Islands
District Court  No. 3-07-cv-00087
District Judge: The Honorable Juan R. Sanchez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 17, 2010

Before: MCKEE, *Chief Judge*, FUENTES and SMITH, *Circuit Judges*

(Filed: December 20, 2010)

_____

OPINION

_____

SMITH, *Circuit Judge.*

    In May of 2007, Verne A. Hodge filed a lawsuit against his employer, the

Superior Court of the Virgin Islands (hereafter referred to as the Superior Court),

alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C.

1

§ 12112, and the Virgin Islands Whistleblowers Protection Act, 10 V.I.C. § 122.[1]

Thereafter, the District Court granted Hodge's motion to dismiss his ADA claim under Federal Rule of Civil Procedure 41(a) and to retain supplemental jurisdiction over the Whistleblowers Protection Act claim. After the close of discovery, the Superior Court filed a motion for summary judgment. In a thorough memorandum, the District Court granted the motion and dismissed Hodge's amended complaint with prejudice. Hodge responded by filing motions for, *inter alia*, summary judgment in his favor, and for default judgment, both of which were denied by the District Court. Hodge unsuccessfully sought reconsideration of each of these orders. This timely appeal followed.[2]

We conduct plenary review of a District Court's grant of summary judgment. *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 181 (3d Cir. 2001). In granting the Superior Court's motion for summary judgment, the District Court concluded that Hodge failed to adduce proof of any of the elements of a prima facie case under the Whistleblowers Protection Act. Hodge contends that the District Court erred in applying the case law relevant to whistleblower actions. We disagree. For substantially the reasons given by the District Court, we will affirm the order granting summary judgment in favor of the Superior Court on

---

[1]  The District Court exercised jurisdiction under 48 U.S.C. § 1612(a) and 28 U.S.C. §§ 1331 and 1367.
[2]  We exercise jurisdiction under 28 U.S.C. § 1291.

Hodge's whistleblower claim.

Furthermore, because the District Court had already granted summary judgment in favor of the Superior Court on Hodge's sole claim, we find no error in the District Court's denial of Hodge's subsequent motion for default judgment or for summary judgment in his favor.[3] Inasmuch as we have concluded that the District Court did not err in granting summary judgment in favor of the Superior Court, we will affirm the District Court's order denying Hodge's motion for reconsideration.[4]

---

[3] We review the District Court's refusal to enter a default judgment for an abuse of discretion. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

[4] The abuse of discretion standard also applies to our review of the denial of a motion for reconsideration. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).